UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

-----------------------------------------------------------------x

| | | |
|---|---|---|
| JULIE ALLEMAN, JULIET CATRETT, and P. WELLNESS INSTITUTE, LLC | : | |
| | : | |
| Plaintiffs, | | Case. No. 3:24-cv-00877 |
| | : | |
| v. | | Judge: |
| | : | |
| SHANNAE N. HARNESS, T. SHAVAUN SAM, MICHELLE B. MOORE, MATTHEW HOLCOMB, SHAWANDA WOODS-SMITH, JAMIE MONIC, and COURTNEY PAPALE NEWTON, each in their official capacities, and THE DISTRICT ATTORNEY FOR THE EAST BATON ROUGE PARISH, | : : : : | Magistrate Judge: |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

This is an action to enjoin the enforcement of certain Louisiana laws where such enforcement violates the First Amendment.

## JURISDICTION AND VENUE

1. This action arises under the U.S. Constitution and law of the United States. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this district because all of the parties have their offices in this district.

## PARTIES

3. Plaintiffs Julie Alleman and Juliet Catrett are the owners of Plaintiff P. Wellness Institute, LLC, a Louisiana limited liability corporation. P. Wellness Institute has its office in the

1

City of Baton Rouge, which is in East Baton Rouge Parish.

4. Defendant Shannae N. Harness is the Chair of the Louisiana State Board of Examiners of Psychologists (the "Board"), and is sued in her official capacity.

5. The Board is an agency of the State of Louisiana.

6. Defendant T. Shavaun Sam is the Vice Chair of the Board, and is sued in her official capacity.

7. Defendants Michelle B. Moore, Matthew Holcomb, and Shawanda Woods-Smith are members of the Board, and are sued in their official capacities.

8. Defendant Jaime Monic is the Executive Director of the Board and responsible for enforcing its decisions. She is sued in her official capacity.

9. Defendant Courtney Papale Newton is the Executive Counsel and Prosecuting Attorney for the Board, and is responsible for pursuing legal action on behalf of the Board. She is sued in her official capacity.

10. Together, the defendants enumerated in paragraphs 4 and 6-9 are referred to as the Board Defendants. In enforcing the law identified below, each of them acts under color of state authority.

11. Defendant the District Attorney for the East Baton Rouge Parish ("EBRP DA") is responsible for bringing prosecutions of violations of Louisiana law in Baton Rouge. In enforcing the law discussed below, that person acts under color of state authority.

STATUTORY BACKGROUND

12. Title 37 of Louisiana law sets forth rules governing professions. Chapter 28 of Title 37 defines the "practice of psychology" as "the observation, description, evaluation, interpretation,

and modification of human behavior, by the application of psychological principles, methods, and procedures, for the purpose of eliminating symptomatic, maladaptive, or undesired behavior, and of improving interpersonal relationships, work and life adjustment, personal effectiveness, behavioral health, and mental health." La. RS 37-2352(7). Persons engaged in such activity are engaged in the practice of psychology regardless of whether payment is made for services rendered.

13. The statute does not further define the phrase "psychological principles, methods, and procedures."

14. Louisiana law further provides that "[a] person represents himself to be a psychologist by using any title or description of services incorporating the words 'psychology,' 'psychological,' or 'psychologist,'. . . or if that person offers to the public or renders to individuals or to groups of individuals services defined as the practice of psychology." La. RS 37-2352(9).

15. It is a misdemeanor under Louisiana law for those who are not licensed as psychologists pursuant to Louisiana law to represent themselves as psychologists. Accordingly, it is a misdemeanor under Louisiana law for those who are not licensed as psychologists to use "any title or description of services incorporating the words 'psychology,' 'psychological,' or 'psychologist.'"

16. It is a misdemeanor under Louisiana law for those who are not licensed as psychologists pursuant to Louisiana law to provide services that constitute the practice of psychology as defined in La RS 37-2352(7).

17. Defendant EBRP DA is responsible for prosecuting misdemeanors in East Baton Rouge Parish, including those described in the previous two paragraphs.

18. The Board has the authority to investigate possible violations of the Chapter 28 of

Title 37 of Louisiana law and to seek injunctions against such violations in a court of competent jurisdiction.

19. The Board considers it a "violation" of Chapter 28 of Title 37 for persons who are not licensed as psychologists under Louisiana law to either represent themselves as psychologists or to engage in the practice of psychology.

## FACTUAL BACKGROUND

20. Plaintiff P. Wellness Institute offers counseling for adults (age 18 and up). It specializes in the treatment of trauma-related disorders, mood disorders, and anxiety disorders.

21. Plaintiff Julie Alleman is a Licensed Professional Counselor, a Licensed Marriage and Family Therapist, and a Licensed Addiction Counselor under the laws of Louisiana. She has studied principles, methods, and procedures of psychology and uses those principles in her work at P. Wellness Institute to improve her clients' lives by supporting and encouraging them to modify their behavior.

22. Plaintiff Juliet Catrett is a Licensed Clinical Social Worker. She has studied principles, methods, and procedures of psychology and uses those principles in her work at P. Wellness Institute to improve her clients' lives by supporting and encouraging them to modify their behavior.

23. Plaintiffs Alleman and Catrett clearly identify the licenses that they possess. They have never represented to the public or told their clients that they are licensed psychologists.

24. Louisiana law permits Alleman and Catrett to treat their patients consistent with their professional training provided that they do not represent themselves as psychologists or their work as psychological.

25. Prior to this year, P. Wellness Institute was known as Psychological Wellness Institute, LLC.

26. In January 2024, a representative of the Board apprised Alleman and Catrett that a complaint had been filed alleging that they were in violation of Louisiana law by using the word "psychological" in the name of their business. The representative further stated that a preliminary investigation has substantiated the allegations of the complaint and supported multiple violations of Louisiana law.

27. To comply with Louisiana law, Alleman and Catrett changed the name of their company to P. Wellness Institute.

28. The Board subsequently dismissed the complaint against Alleman and Catrett.

29. Alleman and Catrett would like to change the name of their company back to Psychological Wellness Institute. They believe it accurately describes the services they provide.

30. As a consequence of Louisiana law, Alleman and Catrett do not currently use the term "psychological" in describing any of their services to clients or potential clients.

31. Alleman and Catrett would like to explain to their clients, when appropriate, that, although they are not licensed psychologists, they have studied psychological principles, methods, and procedures, and apply them in their treatment to help clients modify their behavior and improve their lives.

32. Defendants lack any reasonable basis for believing that Alleman and Catrett's use of the word psychological would mislead any potential or actual consumers or clients.

33. Unless the Board Defendants are enjoined, they will charge Alleman and Catrett with violations of Louisiana law if Alleman and Catrett change the name of their company back to

Psychological Wellness Insitute or use the term "psychological" in accurately describing their services to their clients.

34. Unless the Board Defendants are enjoined, they will refer Alleman and Catrett's violations of Louisiana law to defendant EBRP DA if Alleman and Catrett change the name of their company back to Psychological Wellness Insitute or use the term "psychological" in accurately describing their services to their clients.

35. Unless the official holding that position is enjoined, defendant EBRP DA will charge Alleman and Catrett with a misdemeanor under Louisiana law if they change the name of their company back to Psychological Wellness Insitute or use the term "psychological" in accurately describing their services to their clients.

FIRST CLAIM FOR RELIEF (First Amendment as applied)

36. Plaintiffs incorporate all prior allegations of this Complaint into this claim.

37. To the extent that Louisiana law precludes Alleman and Catrett from accurately using the word "psychological" in the name of their company or in a description of their services, it violates the free speech principles of the First Amendment to the United State Constitution incorporated into the Fourteenth Amendment of the United States Constitution.

38. Plaintiffs are entitled to an appropriate declaration or injunction against defendants.

SECOND CLAIM FOR RELIEF (First Amendment overbreadth)

39. Plaintiffs incorporate all prior allegations of this Complaint into this claim.

40. Under Louisiana law, anyone who has studied psychological principles, methods, and procedures, and attempts to use them to improve someone else's life has engaged in the practice of psychology and represented himself or herself as a licensed psychologist.

6

41. Accordingly, under Louisiana law, "life coaches" who have studied psychological principles, methods, and procedures, and attempt to use them to help clients are engaging in the practice of psychology and representing themselves as licensed psychologists.

42. Accordingly, under Louisiana law, Alcohol Anonymous members who have studied psychological principles, methods, and procedures, and attempt to use them to help fellow members are engaging in the practice of psychology and representing themselves as licensed psychologists.

43. Accordingly, under Louisiana law, parents who have studied psychological principles, methods, and procedures, and attempt to use them to help their children are engaging in the practice of psychology and representing themselves as licensed psychologists.

44. Indeed, anyone who has studied psychological principles, methods, and procedures, and attempts to use them to help a friend or relative, or gives a lecture to an audience with the hope of improving their lives, has engaged in the practice of psychology and represented themselves as licensed psychologists.

45. Each of the persons described in the last four paragraphs has a First Amendment right to speak. Provided that such individuals do not explicitly misrepresent themselves as licensed psychologists, Louisiana has no valid interest in preventing them from doing so.

46. A substantial number of applications of Louisiana's restriction on free speech in precluding people from engaging in the "practice of psychology" are unconstitutional and outweigh its limited legitimate sweep.

47. The statute's failure to define "psychological principles, methods, and procedures" also renders it vague and overbroad.

48. Accordingly, Louisiana's law prohibiting people from engaging in the practice of

psychology or representing themselves as psychologists is overbroad and unconstitutional.

## Demand For Judgment

WHEREFORE plaintiffs demand judgment:

A.  A declaratory judgment that defendants are violating plaintiffs' First and Fourteenth Amendments rights by enforcing Louisiana's prohibition on using forms of the word "psychological";

B.  A declaratory judgment that the definition of "practice of psychology" is overbroad and thus violates the First and Fourteenth Amendments;

C.  Injunctive relief precluding defendants from commencing any action against plaintiffs to enforce any prohibition against using a form of the word "psychology" or against engaging in the practice of psychology;

D.  Attorney's fees and costs pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988, or any other applicable authority; and

E.  Any other relief that is appropriate.


Dated:  October 22, 2024

*s/ James Baehr*
James Baehr
LSBA #35431
Sarah Harbison
LSBA #31948
Pelican Institute for Public Policy
400 Polydras St., Suite 900
New Orleans, LA 70130
504-500-0506
james@pelicaninstitute.org
sarah@pelicaninstitute.org

Lauren Ventrella
LSBA #36063
VENTRELLA LAW FIRM
22650 Greenwell Springs
Greenwell Springs, LA 70739
225-304-3636
leventrella@gmail.com

Michael E. Rosman (pro hac vice application forthcoming)
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400
rosman@cir-usa.org